IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VICKY THOMAS,

                Plaintiff

VS.

JO ANNE BARNHART,

                Defendant

**SOCIAL SECURITY APPEAL**

NO. 5:06-CV-6 (HL)

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). This case has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.

## HISTORY

Plaintiff VICKY THOMAS filed an application for disability benefits in August 2002, alleging disability since June 15, 2002. Plaintiff's applications were denied initially and on reconsideration before administrative hearings were held before an Administrative Law Judge (ALJ) in June of 2004 and January of 2005. In March of 2005, the ALJ denied the plaintiff's claim. The Appeals Council denied the plaintiff's request for review on November 3, 2005.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] **Bloodsworth v. Heckler**, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. **Harrell v. Harris**, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. **Kirkland v. Weinberger**, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. **Oldham v. Schweiker**, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. **Carnes v. Sullivan**, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. **Wheeler v. Heckler**, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* **Graham v. Bowen,** 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Thomas has alleged that the ALJ who considered her case did not consider and/or comprehend all of the evidence before him and requests that this court remand the case to the ALJ. Specifically, Thomas argues that the ALJ did not consider her obesity, anemia, or side effects from the plaintiff's medications and that the ALJ did not have a firm grasp of the characteristics of Graves disease.

### Obesity and Anemia

The ALJ's decision does not discuss, or even mention, plaintiff Thomas' obesity or anemia, both of which are documented in the record.

Social Security Regulations acknowledge that obesity is a disabling condition and require that it be acknowledged as such.

> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.
>
> \*\*\*
>
> As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.

Social Security Ruling 02-01P.

The Commissioner argues that it is not an error on the part of the ALJ to not mention obesity or anemia specifically because the ALJ based his findings on the evidence in front of him from other people who had examined the plaintiff and all of her conditions. That argument is no more persuasive for obesity than it would be if the ALJ did not mention any other impairment a plaintiff may have. If that were the case, an ALJ might as well have a one sentence decision stating that he reviewed the evidence from the medical experts and that he finds the claimant is or is not disabled.

Specifically, there is one sentence in the ALJ's decision that calls into question whether he considered these conditions at all: "[A]ny opinion that the claimant can only walk 150 feet for shortness of breath is based entirely on her statements *without support from laboratory reports or objective medical evidence*." Tr. at 21 (emphasis added). Plaintiff Thomas is 5 feet 7 inches tall and has weighed between 220 and 240 pounds between October, 2002 and December, 2004. Additionally, the plaintiff cites in her brief that "easy fatigability is a symptom of anemia." Tab #13 at 22 of 37 (citation omitted). While there may be some evidence that *contradicts* whether the plaintiff could walk 150 feet without getting short of breath, her height, weight, and anemia constitute objective medical evidence. It follows that an anemic woman whose Body Mass Index classified her as Level II obese for the majority of the time period in question very well might have trouble walking even short distances without stopping for shortness of breath.

Because the ALJ did not mention the plaintiff's obesity or anemia, this court cannot properly find that he considered all of the medical evidence in front of him. Thus, remand is appropriate as to those issues.

**Side Effects of Medication**

The plaintiff has alleged that when defining her Residual Functional Capacity ("RFC"), the ALJ also failed to consider the side effects of the medications she is taking. Indeed, the ALJ noted that the plaintiff was undergoing treatment "without negative side effects." Tr. at 19. It is clear from the record that the plaintiff did have an adverse side effect in the form of muscle cramps. Accordingly, this matter should be remanded to the ALJ for consideration. The plaintiff's contentions of *possible* side effects of her medication as listed in "The Pill Book," however, are without merit. If the plaintiff has not experienced the side effects of medication, an ALJ should not take those possible effects into consideration.

### Plaintiff's Credibility

Matters of credibility are to be left to the ALJ and not reviewed by this court. Accordingly, the ALJ's findings as to the plaintiff's credibility, which are supported by substantial evidence, must be upheld.

### Graves' Disease

The plaintiff argues that the ALJ did not have an adequate understanding of Graves' disease. She cites in support of her argument that the ALJ had attempted to get the plaintiff examined by a specialist, but that she was instead examined by a family practitioner; the ALJ then lamented the fact that he had not called a Medical Expert for his assistance. Plaintiff's argument is compelling. An ALJ's finding cannot be supported by substantial evidence if he does not understand the very issue with which he is dealing. This matter should be remanded with instructions to obtain a Medical Expert for testimony regarding Graves' disease.

### Mental Impairments

The ALJ found the plaintiff's mental impairments completely without medical evidence and that Thomas therefore had not presented sufficient evidence to demonstrate that she had a medically determinable mental impairment. Pursuant to 20 C.F.R. §416.920a(b), a sequential analysis of the plaintiff's mental impairments was not warranted. The ALJ's findings in this area are supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this case be REMANDED to the ALJ for further consideration consistent with this RECOMMENDATION. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 26th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE