IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VICKY THOMAS,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:06-cv-6 (HL) |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | : |
| Defendant. | : |

_____

## ORDER

Plaintiff's Application for Attorney Fee Under the Equal Access to Justice Act (Doc. 20) and Application for Attorney Fee Under the Social Security Act, 42 U.S.C. § 406(b)(1)(A) and 1383(d)(2)(A) (Doc. 23) are before the Court. After review of the briefs and the record, the Court grants Plaintiff's Application for Attorney Fee Under the Equal Access to Justice Act, and denies Application for Attorney Fee Under the Social Security Act.

### Background and Procedural History

On January 6, 2006, Plaintiff, Vicky Thomas, represented by her attorney, Michel Phillips, filed a complaint in this Court seeking review of a decision of the Social Security Administration to deny her benefits. Defendant, the Commissioner of Social Security, answered the complaint on March 9, 2006. The parties had the opportunity to brief the issue, following which the Magistrate Judge recommended that the matter be remanded to the Commissioner. The Court accepted the recommendation of the Magistrate Judge,

and judgment was entered on March 26, 2008.

Following the entry of judgment, Plaintiff's counsel filed an application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in which she requested $2,827.50 in attorney's fees. According to the motion, the $2,827.50 sought represents 17.4 hours of work by the attorney at $162.50 per hour, plus $40.02 in expenses. The proposed order that was submitted with the application for attorney's fees directs the clerk of court to enter a judgment requiring the Commissioner to pay the fees and costs directly to Plaintiff's counsel, Michel Phillips.

Defendant, the Commissioner of Social Security, filed a response to the application, noting that he had no objection to the number of hours, hourly rate or amount of fees requested. However, Defendant objected to the entry of an order directing the Commissioner to pay the requested fees and expenses directly to Phillips, noting that under applicable case law, attorney's fees recovered under the EAJA are payable to the prevailing party and not the prevailing party's attorney. In the absence of a valid assignment permitting the Commissioner to pay the EAJA fees directly to the attorney, the Commissioner requested that the final order directing payment of fees require the Commissioner to pay the EAJA fees and expenses directly to Plaintiff.

After the Defendant filed his response noting his objection to paying Plaintiff's attorney directly, Phillips submitted a reply in which he attached a retainer agreement showing that Plaintiff assigned her EAJA fees to him. However, while Plaintiff's application for attorney's fee's was still pending, Plaintiff filed a new motion styled Application for Attorney Fee Under the Social Security Act, 42 U.S.C. § 406(b)(1)(A) and 1383(d)(2)(A)

(Doc. 23).

In the new motion, Plaintiff's attorney notes that since the filing of the first application for attorney's fees, Plaintiff has been awarded retroactive disability benefits. As a result of this award, and in connection with the retainer agreement, Plaintiff's counsel contends he is entitled to a percentage of the retroactive disability benefits *and* the EAJA award. He argues that because the amount of the retroactive disability benefits plus the EAJA award is still less than the 25% of retroactive disability benefits to which he would otherwise be entitled, he is not prohibited from retaining both fee awards.

The Commissioner disagrees with Plaintiff's counsel's assessment. The Commissioner agrees that he is still liable for the $2827.50 to be awarded under the EAJA but maintains that amount must be refunded to Plaintiff if Plaintiff's counsel retains the attorney's share of the retroactive disability benefits.

## Discussion

Plaintiff became entitled to EAJA fees when this case was remanded to the Commissioner. Following remand, Plaintiff was represented solely by a different attorney, Robin Bargeron. (Pl.'s Br., Doc. 23 at 4.) On remand, the Commissioner awarded Plaintiff $62,250.00 in past due disability insurance benefits, 25% of which ($15,562.50) was withheld from the past due benefits to pay Plaintiff's lawyer. In a separate award, Plaintiff was also awarded $1,453.36 in past due social security income benefits.

Phillips contends that Bargeron, who represented Plaintiff on remand, is entitled to $5300.00 of the $15,562.50 set aside by the Commissioner. Phillips seeks the balance of $10,262.50 for himself. In addition, Phillips claims the $2,827.50 in EAJA fees, plus an

additional $363.34, which represents 25% of the past due social security income benefits, for a total of $13,453.34.  Phillips contends he is entitled to both the EAJA fees and the percentage of the past due benefits because he "has pre-emptively reduced his fee request to accommodate the amount administratively withheld by the Commissioner." (Pl.'s Br., Doc. 23 at 6.)  In other words, because the combined amount of the percentage fees and the EAJA fee is still less than the 25% agreed upon in the retainer agreement, Phillips contends he should get it all.  The Court disagrees.

The retainer agreement states as follows with respect to Phillips' fee:

> 6. <u>If the Court rules in favor of Ms. Thomas</u>, then Mr. Phillips's fee shall be which ever is more:
>
> > (a)   One-fourth (25%) of any retroactive Title II and Title XVI benefits due Ms. Thomas and Ms. Thomas's family; or
> >
> > (b)   Any attorney fees paid by the Government under the Equal Access to Justice Act ("EAJA").  Ms. Thomas assigns all EAJA fees to Mr. Phillips.

(Doc. 22-2.)  Under the clear language of this agreement, Phillips takes either the 25% of retroactive benefits due Plaintiff *or* the EAJA fees she receives, but not both.  Thus, Phillips contention that he should obtain the EAJA fees and the percentage of retroactive benefits is spurious.

Furthermore, the retainer agreement does not apply to the benefits that Plaintiff received on remand.  Paragraph 4 states:

> 4. The fee set by this Retainer and Fee Agreement is <u>only</u> for representation in the United States Courts.  If the Court remands the case to the Social Security Administration for further proceedings, it will be necessary for Ms. Thomas and Mr. Phillips to reach a new retainer agreement, or for Ms.

Thomas to retain another attorney, or for Ms. Thomas to represent herself. (Doc. 22-2, emphasis in original.) The Court did, in fact, remand the case to the Social Security Administration. It is not clear from the record how it is that Bargeron came to represent Plaintiff on remand, but there is nothing in the record to suggest that Phillips and Plaintiff reached a new retainer agreement. Thus, there is no retainer agreement that provides for an award of attorney's fees to Phillips following remand.

In moving for attorney's fees, Phillips cites to 42 U.S.C. § 406(b)(1)(A),[1] which provides as follows with respect to attorney's fees:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph

42 U.S.C.A. § 406(b)(1)(A) (West Supp. 2008). The Court does not construe this provision as applying here, however, for two reasons. First, the judgment that this Court rendered favorable to Plaintiff was the remand, and the issue of attorney's fees related to the remand is addressed under the EAJA. Second, any entitlement Phillips might have had

---

[1] Phillips' reliance on § 406(b) might be in error. As the Supreme Court of the United States has noted, § 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). The portion of the award set aside for fees at issue here was determined in an administrative proceeding, after remand and judgment in the court.

to attorney's fees under this provision was specifically excluded by the terms of the retainer agreement that Phillips provided to this Court. Moreover, because Phillips had no role in the recovery of benefits obtained by Plaintiff on remand, an award of attorney's fees to him based on that recovery would not be appropriate.

In sum, Plaintiff's counsel–whose role in this case consisted of 17.4 hours of work, in filing a complaint, a brief, and his first request for attorney's fees–seeks $13,453.34, the lion's share of the attorney's fees, even though those fees are not recognized under the terms of the retainer agreement he entered into with Plaintiff, and even though Plaintiff was represented by a different attorney on remand, and even though Phillips asserts that $5,300.00 is a reasonable fee for the attorney who actually handled the matter on remand. The Court finds Phillips' request for fees to be unconscionable and declines to award attorney's fees, other than the EAJA fees.

## Conclusion

In accordance with the foregoing, therefore, the Court denies Application for Attorney Fee Under the Social Security Act, 42 U.S.C. § 406(b)(1)(A) and 1383(d)(2)(A) (Doc. 23). The Court grants Plaintiff's Application for Attorney Fee Under the Equal Access to Justice Act (Doc. 20). Consistent therewith, the Commissioner is directed to pay to Michel Phillips the sum of $2,867.52, which represents $2,827.50 in attorney's fees and $40.02 in other expenses.

**SO ORDERED**, this 23rd day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**