**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **VICKY THOMAS,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 5:06-CV-6 (HL) |
| | : |
| **MICHAEL J. ASTRUE,** | : |
| **Commissioner of Social Security,** | : |
| | : |
| Defendant. | : |
| | : |

_____

**ORDER**

This matter is before the Court on remand from the United States Court of

Appeals for the Eleventh Circuit.  Pursuant to the direction of the appellate court, this

Court must determine whether Michel Phillips ("Phillips"), attorney for Plaintiff, Vicky

Thomas ("Thomas"), is entitled to an award of attorney's fees under the Equal

Access to Justice Act ("EAJA"), and if so, how much.  The Court must also

determine the reasonable amount of attorney's fees to which Phillips is entitled

under 42 U.S.C. § 406(b).

1.      **Application for fees under the EAJA**

Under the EAJA, the district court must award attorney's fees to any party

prevailing in litigation against the United States unless the district court finds that the

United States' position was "substantially justified" or that "special circumstances"

make such an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] The burden is on the Commissioner to demonstrate that his position was substantially justified. Scarborough v. Principi, 541 U.S. 401, 414, 124 S.Ct. 1856 (2004) (citations omitted); Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987).

Phillips has requested EAJA fees in the amount of $2827.50 plus $40.02 in expenses (Doc. 20). This amount represents fees for 17.4 attorney hours of work. The EAJA statutory rate for attorney's fees is $125 per hour adjusted for inflation. Using the Consumer Price Index to adjust for inflation, the adjusted hourly rate is $162.50. That rate multiplied by the 17.4 hours spent on the case equals a total of $2827.50.

Phillips has provided a copy of a time sheet that reflects the work done on Thomas' case. Phillips billed his time in one-tenth of an hour increments, and a review of the time sheet shows that he spent a majority of his time working on the brief and reply brief filed with the Court. As required, Phillips omitted time spent on "non-court" matters, including telephone calls with Thomas and emails between Phillips and the government.

The Commissioner filed a response to Phillips' request in which he states he has no substantive objection to the number of hours, hourly rate, or amount of fees

---

[1]There is no dispute that Thomas is a prevailing party.

requested.  He made no attempt to satisfy his burden of showing that his position was substantially justified.[2]

As the Commissioner has not met his burden and the charges submitted by Phillips appear reasonable, the previous EAJA award of $2867.52 ($2827.50 in attorney's fees and $40.02 in expenses) is reinstated.

### 2.    Application for fees under 42 U.S.C. § 406(b)

After the Court's remand of the case to the Commissioner, Thomas was ultimately awarded $63,703.36 in total past-due Social Security benefits.  The Commissioner set aside 25% of that award ($15,925.84) for attorney's fees.  The attorney who represented Thomas during the administrative proceedings was awarded $5300 in fees under 42 U.S.C. § 406(a), leaving a balance of $10,625.84 available for attorney's fees under § 406(b).

While his EAJA request was pending, Phillips filed an application for fees under § 406(b) (Doc. 23).  In the § 406(b) application, Phillips requested that the Court award him the $10,625.84 plus the $2827.50 that he requested under the EAJA, for a total of $13,453.34.  Phillips noted that this amount was 21.1% of the past-due benefits awarded to Thomas, and asserted that the requested fee was

---

[2]The Commissioner did object, however, to Phillips' request that the EAJA fees be paid directly to him, rather than to Thomas, as under Eleventh Circuit law, attorney's fees recovered under the EAJA are payable to the prevailing party plaintiff, not the attorney.  *See* Reeves v. Astrue, 526 F.3d 722, 737 (11th Cir. 2008).  This issue is addressed *infra*.

"significantly less" than the 25% allowed by § 406(b) and by his fee agreement with Thomas.[3]

The Eleventh Circuit determined that the fee agreement signed by Thomas was unenforceable.  Thomas v. Astrue, No. 09-12690, 2010 WL 65199 (11th Cir. Jan. 11, 2010) (unpublished).  This was because there was no consideration for Thomas' agreement to pay Phillips 25% of her retroactive benefits or to assign to him any EAJA fees, as Phillips had already completed his representation of Thomas in district court and the case had been remanded by the time Thomas signed the fee agreement.  The Eleventh Circuit also determined that Phillips did not enter into a contingency fee agreement with Thomas because the outcome was already known (the case was remanded to the Commissioner) when Thomas signed the fee agreement.  Thus, Phillips is not entitled to any fees under the fee agreement.

The Eleventh Circuit did find, however, that Phillips is entitled to an award of attorney's fees under § 406(b).  The statute provides:

_____

[3]The fee agreement signed by Thomas on July 3, 2008 contains the following provision:

6.      If the Court rules in favor of Ms. Thomas, then Mr. Phillips's fee shall be whichever is more:

        (a)     One-fourth (25%) of any retroactive Title II and Title XVI benefits due Ms. Thomas and Ms. Thomas' family; or

        (b)     Any attorney fees paid by the Government under the Equal Access to Justice Act ("EAJA").  Ms. Thomas assigns all EAJA fees to Mr. Phillips.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

As this Court remanded the case to the Commissioner for further proceedings and the Commissioner on remand awarded Thomas past-due benefits, § 406(b) authorizes an award of fees to Phillips. *See* Shalala v. Schaefer, 509 U.S. 292, 301, 113 S.Ct. 2625, 2631 (1993).

This Court must now determine a reasonable § 406(b) fee award for Phillips. As directed by the Eleventh Circuit, the Court must look to the principles set forth in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002), and consider all relevant factual circumstances in reaching a decision. Gisbrecht requires the attorney for the successful Social Security claimant to show that the fee sought is reasonable for the services rendered. Id. at 808, 122 S.Ct. at 1828. Then, the district court may reduce the fee.

> Courts . . . have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the

5

> benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id.

The district court should also look at factors such as the number of hours the attorney spent on the case, the attorney's normal hourly billing rate for non-contingent fee cases, and the amount of the claimant's recovery.  Id.

The Court initially notes that while it is the attorney's burden to persuade the district court that the requested fee is reasonable, Id. at 807 n. 17, 122 S.Ct. at 1828, Phillips has not made any such argument and has done nothing to try and convince the Court that his requested fee is reasonable other than point to the fact that the amount requested is less than 25% of the award.  In his application for § 406(b) fees, Phillips simply states that he should be awarded $10,625.84 based on his fee agreement with Thomas.

There is no question that Phillips is entitled to an award of § 406(b) fees. Indeed, the Eleventh Circuit has ordered this Court to award them.  Nevertheless, the Court is still tasked with determining whether the amount requested is reasonable.  Phillips achieved a favorable result for Thomas at the district court level.  However, he did not represent Thomas at the administrative level, and that attorney received a fee of only $5300.  Phillips did not cause any delay in the case, and he is learned in the area of Social Security law.  He should be compensated for the expertise he brought to this matter.  On the other hand, Phillips spent little time

on the case in comparison to the amount of past-due benefits obtained by a different

attorney on behalf of Thomas, and the issues addressed were not novel or complex.

Phillips filed with this Court a two-page boilerplate complaint, a twenty-page brief,

and a ten-page reply brief.[4]

An award of $10,625.84 for 17.4 hours of work would represent an attorney

hourly rate of $610.  Phillips normally charges $300 per hour for the non-contingent

Social Security cases he handles.  In 2005, in what he described as a "typical case

decided at the administrative level," a fee of $5300 was approved, which was a de

facto hourly rate of $232.46 (Doc. 20, p. 13).  Under the circumstances of this case,

payment of a de facto hourly rate of $610 would constitute a windfall.  A downward

adjustment is in order.  *See* id.

Taking the various factors into account, along with the factual circumstances

of this case, the Court finds that a fee award of $8700 is reasonable.  This award

represents a de facto hourly rate of $500, which is over one and a half times Phillips'

normal non-contingent hourly rate.

The law is clear that if EAJA and § 406(b) fees are awarded, the claimant's

attorney must refund the smaller fee to the claimant.  Id. at 796, 122 S.Ct. at 1822

("Congress harmonized fees payable by the Government under EAJA with fees

payable under § 406(b) out of the claimant's past-due Social Security benefits in this

---

[4]These page counts exclude any attachments, cover pages, and certificates of service.

manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (quotation marks, citation, and alteration omitted).   Further, the Eleventh Circuit specifically state that if awards were made under both provisions, this Court must require Phillips to refund the smaller of the fees to Thomas.   <u>Thomas</u>, No. 09-12690, 2010 WL 65199, at *5.

### 3.   Conclusion

For the reasons discussed *supra*, the Court reinstates the EAJA award of $2867.52, which was vacated by the Eleventh Circuit in its opinion dated January 11, 2010.   The Court authorizes Phillips to receive, as an attorney's fee pursuant to § 406(b), the sum of $8700.   Additionally, Phillips is directed to refund $2867.52 to Thomas, the amount previously awarded pursuant to the EAJA.


**SO ORDERED**, this 21st day of January, 2010.


*s/   Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh